# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0152, <u>State of New Hampshire v. Joyce Lebel</u>, the court on February 2, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. See Sup. Ct. R. 20(2). The defendant, Joyce Lebel, appeals her convictions following a jury trial in Superior Court (Honigberg, J.) on four felony counts of reckless conduct with a deadly weapon. We affirm.

On appeal, the defendant first argues that the trial court erred when it failed to dismiss the charges because the evidence was insufficient to convict her. When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State. State v. Norman, 171 N.H. 103 (2018). The trier of fact may draw reasonable inferences from facts proved as well as from facts found as the result of other inferences, provided they can be reasonably drawn therefrom. State v. Saintil-Brown, 172 N.H. 110, 117 (2019). We examine each evidentiary item in the context of all the evidence, and not in isolation. Id. When, as in this case, the proof involves both direct and circumstantial evidence, a sufficiency challenge must fail if the evidence, including the jury's credibility determinations, is such that a rational trier of fact could find guilt beyond a reasonable doubt, even if the evidence would support a rational conclusion other than guilt if the jury had resolved credibility issues differently. Id. at 117-18. The defendant has the burden of demonstrating that the evidence was insufficient to prove guilt. Id. at 117.

To convict the defendant of each felony charge of reckless conduct with a deadly weapon as alleged in the indictments, the State had to prove, beyond a reasonable doubt, that she recklessly engaged in conduct which placed or may have placed each of the four victims "in danger of serious bodily injury" by means of a firearm "by firing several shots from the firearm" in the direction of the victim "and/or in the direction of part of a wooded area situated in close proximity" to the victim. A defendant acts recklessly when she is aware of, but consciously disregards, a substantial and unjustifiable risk that serious bodily injury will result from her conduct, and when her disregard for that risk grossly deviates from the regard that would be given by a law-abiding citizen. State v. Carnevale, 172 N.H. 700, 704 (2019). The State need not prove actual harm in order to establish that a defendant acted recklessly. Id.

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the State, we conclude that it was sufficient for a rational trier of fact to have found, beyond a reasonable doubt, all of the elements of the charged offenses. All four victims testified that they heard bullets pass by their heads immediately after they heard gunshots that appeared to have come from the direction of the defendant's residence. When the victims asked the defendant why she "was firing upon a group of people," she answered that her "dogs were upset, and she couldn't get any work done" and "[t]hat's why [she] was shooting into the hill." Similarly, a police officer testified that the defendant admitted that she "was shooting her gun" from her back porch to let her neighbors "know she wanted them to stop" shooting their firearms. There was evidence that the defendant pointed to where she had been shooting and when one of the victims looked in that direction, he saw the targets at which he and the other victims had been shooting. One of the victims testified as follows:

> A  . . . I asked, were you shooting at us? You realize that there was a group of us in the backyard, including my – my niece. And – and she had admitted to shooting, but she didn't – when I asked her if she realized that there were people in the backyard, she said that I didn't know where you were.
>
> Q  She said "I didn't know where you were", but did she say anything else about hearing you or anything like that?
>
> A  She said that she – she heard us out there shooting. She was aware that we were out there, but not specifically where we were.

Another victim testified that when the defendant was asked whether she knew that the victims were in the backyard next door, "she said yes; said she was sick of hearing . . . the gunshots, so she fired at us."

From this evidence and the reasonable inferences to be drawn therefrom, viewed in the light most favorable to the State, we conclude that a rational jury could have found, beyond a reasonable doubt, that the defendant recklessly fired several shots from a firearm in the direction of the victims and that by so doing placed or might have placed the victims in danger of serious bodily injury. We find the defendant's arguments to the contrary unpersuasive.

The defendant next challenges the trial court's denial of her motion to set aside the verdict as against the weight of the evidence. "Although a verdict may be supported by sufficient evidence, a trial court may nevertheless conclude that the judgment is against the weight of the evidence." State v. Fedor, 168 N.H. 346, 352 (2015) (quotation omitted). "The weight of the evidence is its weight in probative value, not the quantity or amount of evidence." Id. (quotation omitted).

2

"The trial court's assessment is basically a determination that a greater amount of credible evidence supports one side of an issue or cause than the other." Id. (quotation omitted). "A motion addressed to the weight of the evidence primarily presents a question of fact for the trial court." Id. (quotation and brackets omitted).

We review a trial court's denial of a motion to set aside the verdict as against the weight of the evidence under our unsustainable exercise of discretion standard. State v. Durgin, 165 N.H. 725, 734 (2013). In so doing, we give deference to the trial court's decision. Id. "After all, the trial judge conducts the trial, observes the witnesses and the jury, and is in a better position than we are to evaluate the whole atmosphere of a trial, much of which cannot be gleaned from that portion of the proceedings that is reducible to a cold record." Id. (quotation omitted). "Whether we, sitting as trial judges, would have reached the same or a different result is immaterial." Id. (quotation omitted). "In the doubtful cases, we should defer to the trial court's judgment." Id. (quotation and brackets omitted).

Having reviewed the record, we conclude that it establishes an objective basis to support the trial court's decision. See id. at 735. Accordingly, we will not disturb it. See id. "This is not one of those exceptional cases where the jury failed to give the evidence its proper weight," but rather is a "classic jury case, in which the jury examined and properly weighed the conflicting evidence" to conclude that the defendant committed the charged offenses. Id. (quotations omitted). Any issue that the defendant raised in her notice of appeal or her motion to add a question on appeal, which she did not brief, is waived. State v. Bazinet, 170 N.H. 680, 688 (2018).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**